## Case No. 2,362.

### CAMPBELL v. JORDAN.

[Hempst. 534.] [1]

Circuit Court, D. Arkansas. April, 1847.

COURTS—JURISDICTION — SUITS BETWEEN INDORSERS OF SEALED INSTRUMENTS WHEN CITIZENS OF DIFFERENT STATES — JUDICIARY ACT OF 1789— REMOTE AND IMMEDIATE INDORSERS—ASSUMPSIT.

1. An indorsee of a writing obligatory, who is a citizen of another state, may sue his immediate indorser in this court, whether the maker is suable in such court or not, because the indorsement is regarded as a new contract, and is not within the prohibition of the 11th section of the judiciary act of 1789 [1 Stat. 78].

2. Where an indorsee of paper other than a foreign bill of exchange sues a remote indorser, and is obliged to trace his title through intermediate persons, he must show that they could have sustained an action in the circuit court of the United States to recover the contents of the paper; and without that, the court has no jurisdiction.

3. By the law of Arkansas, all indorsers or assignors of any instrument in writing, assignable by law for the payment of money, become equally liable with the maker, obligor, or payee, on receiving due notice of the non-payment or protest of such instrument.

4. An action of assumpsit may be brought on the indorsement of a writing obligatory, the undertaking of the defendant not being under seal.

At law. Assumpsit, brought by [Robert G. Campbell] the indorsee of a writing obligatory, a citizen of the state of Tennessee, against the defendant [Benjamin F. Jordan], his immediate indorser, a citizen of the state of Arkansas, and who was also payee of the writing obligatory. Demurrer to the declaration, assigning special causes: 1. That the declaration contained no averment or showing that the indorsee could have sued the maker, and therefore the court had no jurisdiction. 2. That assumpsit will not lie upon a sealed instrument.

Albert Pike and D. J. Baldwin, for plaintiff.

Pleasant Jordan, for defendant.

JOHNSON, District Judge. A suit may be brought in the circuit court by an indorsee against his immediate indorser whether a suit could be there brought against the maker or not. In such a case, the plaintiff does not claim through an assignment. It is a new contract, entered into by the indorser and indorsee, upon which the suit is predicated; and if the indorsee is a citizen of a

---

[1] [Reported by Samuel H. Hempstead, Esq.]

different state, he may bring an action against his indorser in the circuit court. This rule has been established and acted on by the supreme court in several cases, and must be considered as settled law. Young v. Bryan, 6 Wheat. [19 U. S.] 146, 151; Evans v. Gee, 11 Pet. [36 U. S.] 83. It is true, that where an indorsee of paper other than a foreign bill of exchange sues a remote indorser, and is obliged to trace his title through intermediate persons, he must show that they could have sustained an action in the circuit court. Mollan v. Torrance, 9 Wheat. [22 U. S.] 537. He there claims, not in virtue of a new contract, but through an assignment and in the character of assignee, and comes directly within the prohibition of the eleventh section of the judiciary act of 1789, unless he can show that the intermediate indorsers were suable. 1 Stat. 79. This is not that kind of a case, and the principle does not apply.

As to the second cause of demurrer, it is sufficient to observe that this suit is not founded upon the writing obligatory, but is predicated on an indorsement of it by the defendant to the plaintiff. If it was made in this state, as seems to be admitted at the bar, it is negotiable paper; and all indorsers or assignors become equally liable with the original maker, obligor, or payee, on receiving due notice of the non-payment or protest of the instrument. Rev. St. 108. The writing obligatory is properly set out in the declaration to give a history of the case, and to show the amount for which the defendant is liable on his indorsement. The indorsement, as already observed, constitutes a new contract, upon which this suit is founded. The undertaking of the defendant is not under seal, but arises solely from the indorsement, and consequently the action is well brought. 1 Chit. Pl. 118. Demurrer overruled.